# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHETARA D SIMS,<br><br>    Plaintiff,<br><br>-vs-<br><br>EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; AUSTIN CAPITAL BANK SSB; CAINE & WEINER COMPANY, INC.; PRESTIGE FINANCIAL SERVICES, INC.; SOUTHSTATE BANK, N.A. f/k/a ATLANTIC CAPITAL BANK; and U.S. DEPARTMENT OF EDUCATION,<br><br>    Defendants. | Case No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, SHETARA D SIMS (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION LLC (hereinafter "Trans Union"); AUSTIN CAPITAL BANK SSB (hereinafter "Austin Capital"); CAINE & WEINER COMPANY, INC. (hereinafter "Caine & Weiner"); PRESTIGE FINANCIAL SERVICES, INC. (hereinafter "Prestige");

SOUTHSTATE BANK, N.A. f/k/a ATLANTIC CAPITAL BANK (hereinafter "SouthState"); and U.S. DEPARTMENT OF EDUCATION (hereinafter "USDOE") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the

consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Clay County in the State of Missouri. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its

registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     Austin Capital is an FDIC insured state savings bank headquartered at 8100 Shoal Creek Boulevard in Austin, Texas 78757 that upon information and belief conducts business in the State of Georgia.

20.     Austin Capital is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

21.     Austin Capital furnished Plaintiff's information to the CRAs which was inaccurate.

22.     Caine & Weiner is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

5

23.    Caine & Weiner is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

24.    Caine & Weiner furnished Plaintiff's information to the CRAs which was inaccurate.

25.    Prestige is a corporation with its principal place of business in the State of Utah and is authorized to do business in the State of Georgia through its registered agent, Registered Agent Solutions, Inc., located at 900 Old Roswell Lake Parkway, Suite 310, Roswell, Georgia 30076.

26.    Prestige is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

27.    Prestige furnished Plaintiff's information to the CRAs which was inaccurate.

28.    SouthState is a corporation with its principal place of business in the State of Florida and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

29.    SouthState is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

30.     SouthState furnished Plaintiff's information to the CRAs which was inaccurate.

31.     USDOE is a corporation headquartered at 400 Maryland Avenue, SW in Washington, DC 20202 that upon information and belief conducts business in the State of Georgia.

32.     USDOE is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

33.     USDOE furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

34.     Plaintiff is a natural person who is alleged to owe a debt to multiple accounts.

35.     Upon information and belief, Plaintiff has been a victim of a mixed file or identity theft for several years.

36.     Plaintiff has made several attempts to dispute erroneous accounts appearing in her credit file which do not belong to her without much success.

37.     In or about August 2022, Plaintiff contacted the CRAs via telephone to dispute Caine & Weiner, partial account number ending in *93, which did not belong to her.

38.    Plaintiff did not receive dispute results from Equifax. However, upon review of her updated credit report, Plaintiff observed the Caine & Weiner, partial account number ending in *93, continued to be reported with a comment which stated, "consumer disputes this account information".

39.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

40.    Equifax never attempted to contact Plaintiff during the alleged investigation.

41.    Upon information and belief, Equifax notified Caine & Weiner of Plaintiff's dispute. However, Caine & Weiner failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

42.    Plaintiff did not receive dispute results from Experian. However, upon review of her updated credit report, Plaintiff observed the Caine & Weiner, partial account number ending in *93, continued to be reported with a comment which stated, "Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)".

43.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

44.     Experian never attempted to contact Plaintiff during the alleged investigation.

45.     Upon information and belief, Experian notified Caine & Weiner of Plaintiff's dispute. However, Caine & Weiner failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

46.     Plaintiff did not receive dispute results from Trans Union. However, upon review of her updated credit report, Plaintiff observed the Caine & Weiner, partial account number ending in *93, continued to be reported with a comment which stated, "Account information disputed by consumer (FCRA)".

47.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

48.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

49.     Upon information and belief, Trans Union notified Caine & Weiner of Plaintiff's dispute. However, Caine & Weiner failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

50.     On or about March 15, 2024, Plaintiff filed a police report with the Kansas City Police Department regarding the fraud and identity theft.

51.     On or about March 20, 2024, Plaintiff obtained copies of her credit reports from the CRAs. Upon review, Plaintiff observed personal identifying information, including but not limited to names, addresses, employers, and phone numbers; which were incorrect and did not belong to her. Further, Plaintiff observed erroneous hard inquiries and the following erroneous accounts which did not belong to her.

| **Furnisher** | **CRA** | **Account** | **Status** |
|---|---|---|---|
| Austin Capital | Equifax, Experian, Trans Union | *7898 | Not more than 3 payments past due |
| CCS Collection on behalf of Allstate Indemnity Company | Equifax, Experian | *76 | Unpaid, Balance $90 |
| Community Federal Savings | Equifax | *2856 | Open |
| Credit One Bank | Equifax, Experian, Trans Union | *9292 | Charge Off, Balance $769 |
| Credit Sesame, Inc. | Experian, Trans Union | 388286* | Open |
| Credit Sesame, Inc. | Trans Union | 388233* | Open |
| Federal Loan Servicing | Equifax | *0002 | Over 120 days past due; Transferred or sold |
| NCD Financial LLC | Experian | 292* | Open |
| Portfolio Recovery Associates on behalf of Capital One Bank | Equifax, Experian | *4928 | Collection, Balance $402 |
| Prestige | Equifax, Experian, Trans Union | *48 | Charge Off, Balance $16,729 |
| SouthState | Equifax, Experian, Trans Union | *49 | Closed; Paid by Collateral |

| USDOE | Equifax, Experian, Trans Union | *43 | Balance $27,489 |
| USDOE | Equifax, Experian, Trans Union | *39 | Balance $21,799 |

52.    On or about March 20, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 170826302. In this report, she explained that she was a victim of identity theft and that the aforementioned erroneous accounts had been opened under her name and were listed in her credit report.

53.    On or about March 30, 2024, Plaintiff had a security alert placed on her credit file regarding the fraudulent activity:

ID SECURITY ALERT: FRAUDULENT APPLICATIONS MAY BE SUBMITTED IN MY NAME OR MY IDENTITY MAY HAVE BEEN USED WITHOUT MY CONSENT TO FRAUDULENTLY OBTAIN GOODS OR SERVICES. DO NOT EXTEND CREDIT WITHOUT FIRST VERIFYING THE IDENTITY OF THE APPLICANT. I CAN BE REACHED AT 816-298-3117. THIS SECURITY ALERT WILL BE MAINTAINED FOR 1 YEAR BEGINNING 03-30-24.

54.    Due to the inaccurate reporting, on or about April 3, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff advised she was a victim of a mixed file or identity theft and that incorrect personal identifying information and hard inquiries which did not belong to her were appearing in her credit file. Further, Plaintiff advised the aforementioned accounts did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of her filed

FTC Identity Theft Report, images of the police report filed with the Kansas City Police Department, and other supporting documents.

55.     Plaintiff mailed her detailed dispute letters via USPS Certified Mail to Equifax (9589 0710 5270 1876 1467 07), Experian (9589 0710 5270 1876 1467 21), and Trans Union (9589 0710 5270 1876 1467 14).

56.     On or about April 1, 2024, Plaintiff received a response from Equifax which stated it would not be blocking the information requested.

57.     On or about April 15, 2024, Plaintiff received a second response from Equifax which again stated it would not be blocking the information requested.

58.     Despite confirmation of delivery on April 10, 2024, Plaintiff did not receive dispute results in the mail from Equifax. However, upon review of her updated Equifax credit report on or about May 22, 2024, Plaintiff observed the following as to the disputed erroneous accounts.

| **Furnisher** | **Account** | **Post Dispute** |
|---|---|---|
| Austin Capital | *7898 | Continue to report |
| CCS Collection on behalf of Allstate Indemnity Company | *76 | Deleted |
| Community Federal Savings | *2856 | Deleted |
| Credit One Bank | *9292 | Deleted |
| Federal Loan Servicing | *0002 | Deleted |
| Portfolio Recovery Associates on behalf of Capital One Bank | *4928 | Deleted |
| Prestige | *48 | Continue to report |

| SouthState | *49 | Continue to report; Consumer disputes |
| USDOE | *43 | Continue to report |
| USDOE | *39 | Continue to report |

59.     Plaintiff provided enough information to Equifax to identify her file and to handle the dispute. Equifax failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

60.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

61.     Equifax never attempted to contact Plaintiff during the alleged investigation.

62.     Upon information and belief, Equifax notified Austin Capital of Plaintiff's dispute. However, Austin Capital failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

63.     Upon information and belief, Equifax notified Prestige of Plaintiff's dispute. However, Prestige failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

64.     Upon information and belief, Equifax notified SouthState of Plaintiff's dispute. However, SouthState failed to conduct a reasonable investigation and

merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

65. Upon information and belief, Equifax notified USDOE of Plaintiff's dispute. However, USDOE failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

66. On or about April 30, 2024, Plaintiff received dispute results and a copy of her credit report from Experian which stated it updated personal identifying information in Plaintiff's credit file. Further, the results and credit report stated the following as to the disputed accounts.

| **Furnisher** | **Account** | **Dispute Results** |
|---|---|---|
| Austin Capital | *7898 | Verified and updated |
| CCS Collection on behalf of Allstate Indemnity Company | *76 | Removed |
| Credit One Bank | *9292 | Verified and updated |
| Credit Sesame, Inc. | 388286* | Continue to report |
| NCD Financial LLC | 292* | Continue to report |
| Portfolio Recovery Associates on behalf of Capital One Bank | *4928 | Completed investigation of FCRA dispute – consumer disagrees |
| Prestige | *48 | Verified and updated |
| SouthState | *49 | Continue to report |
| USDOE | *43 | Verified and updated |
| USDOE | *39 | Verified and updated |

67.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

68.     Experian never attempted to contact Plaintiff during the alleged investigation.

69.     Upon information and belief, Experian notified Austin Capital of Plaintiff's dispute. However, Austin Capital failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

70.     Upon information and belief, Experian notified Prestige of Plaintiff's dispute. However, Prestige failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

71.     Upon information and belief, Experian notified SouthState of Plaintiff's dispute. However, SouthState failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

72.     Upon information and belief, Experian notified USDOE of Plaintiff's dispute. However, USDOE failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

73.    On or about May 22, 2024, Plaintiff received dispute results from Trans Union which stated several hard inquiries were deleted from Plaintiff's credit file. Further, the results stated the following as to the aforementioned disputed erroneous accounts.

| **Furnisher** | **Account** | **Status** |
|---|---|---|
| Austin Capital | *7898 | Verified as accurate |
| Credit One Bank | *9292 | Deleted |
| Credit Sesame, Inc. | 388286* | Verified and updated |
| Credit Sesame, Inc. | 388233* | Verified and updated |
| Prestige | *48 | Verified as accurate |
| SouthState | *49 | Verified as accurate |
| USDOE | *43 | Verified as accurate |
| USDOE | *39 | Verified as accurate |

74.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

75.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

76.    Upon information and belief, Trans Union notified Austin Capital of Plaintiff's dispute. However, Austin Capital failed to conduct a reasonable

investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

77.     Upon information and belief, Trans Union notified Prestige of Plaintiff's dispute. However, Prestige failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

78.     Upon information and belief, Trans Union notified SouthState of Plaintiff's dispute. However, SouthState failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

79.     Upon information and belief, Trans Union notified USDOE of Plaintiff's dispute. However, USDOE failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

80.     On or about August 29, 2024, Plaintiff obtained updated copies of her credit reports from the CRAs. Upon review, Plaintiff observed personal identifying which was incorrect. Further, Plaintiff observed the following erroneous accounts which did not belong to her.

| Furnisher | CRA | Account | Status |
|---|---|---|---|
| Austin Capital | Equifax, Experian, Trans Union | *7898 | Not more than two payments past due |
| Caine & Weiner on behalf of Progressive Insurance | Equifax, Experian, Trans Union | *93 | Reinserted; Collection, Balance $288 |
| Credit Sesame, Inc. | Equifax, Experian, Trans Union | 388286* | Open |
| Credit Sesame, Inc. | Trans Union | 388233* | Open |
| LVNV Funding, LLC on behalf of Credit One Bank | Equifax, Experian | *9292 | Collection, Balance $769 |
| Prestige | Equifax, Experian, Trans Union | *48 | Balance $16,862 |
| SouthState | Equifax, Experian, Trans Union | *49 | Closed; Paid by Collateral |
| USDOE | Equifax, Experian, Trans Union | *43 | Balance $28,196 |
| USDOE | Equifax, Experian, Trans Union | *39 | Balance $22,360 |

81.    Due to the continued inaccurate reporting, on or about September 9, 2024, Plaintiff mailed a second detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff reiterated she was a victim of a mixed file or identity theft and that incorrect personal identifying information and hard inquiries which did not belong to her were appearing in her credit file. Further, Plaintiff advised the aforementioned accounts did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous

reporting, images of her filed FTC Identity Theft Report, images of the police report filed with the Kansas City Police Department, and other supporting documents.

82.    Plaintiff mailed her detailed dispute letters via USPS Certified Mail to Equifax (9407 1112 0620 5893 5312 43), Experian (9407 1112 0620 5893 5122 80), and Trans Union (9407 1112 0620 5893 5334 14).

83.    As of the filing of this Complaint, Plaintiff has not received dispute results as to her second detailed dispute letter from the CRAs.

84.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to inaccurately report the erroneous accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

85.    The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher(s).

86.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

87.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i. Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii. Loss of time attempting to cure the errors;

iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

iv. Apprehensiveness to apply for new credit due to the fear of rejection.

## **CAUSES OF ACTION**

### **COUNT I**
### **Violation of 15 U.S.C. § 1681e(b) as to**
### **Defendant, Equifax Information Services LLC (Negligent)**

88. Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

89. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

90.     Equifax allowed for numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

91.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

92.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

93.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

94.     Equifax violated its own policies and procedures by not deleting account(s) when Plaintiff provided them with the police report filed with the Kansas City Police Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

95.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

96.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

97.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

98.     Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

99.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

100.   Equifax allowed for numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

101.   Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

102.   Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

103.   Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

104.   Equifax violated its own policies and procedures by not deleting account(s) when Plaintiff provided them with the police report filed with the Kansas City Police Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

105.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

106.   The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

107.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT III
**Violations of 15 U.S.C. § 1681i as to
Defendant, Equifax Information Services LLC (Negligent)**

108.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

109.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable

24

procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

110.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

111.    Plaintiff provided Equifax with the information it needed to confirm that she was a victim of a mixed file or identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

112.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

113.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

114.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

115.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

116.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit

file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

117. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

118. Plaintiff provided Equifax with the information it needed to confirm that she was a victim of a mixed file or identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

119. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

120. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

121.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Negligent)

122.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

123.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

124.   Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

125.   Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

126.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

127.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

128.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Willful)

129.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

130.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

131.   Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

132.   Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

133.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

134.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

135.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## <u>COUNT VII</u>
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

136.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

137.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

138.   Experian allowed for numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

139.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

140.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

141.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

142.   Experian violated its own policies and procedures by not deleting account(s) when Plaintiff provided them with the police report filed with the Kansas City Police Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

143.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

144.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

145.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VIII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

146.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

147.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

148.   Experian allowed for numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

149.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

150.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

151.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

152.   Experian violated its own policies and procedures by not deleting account(s) when Plaintiff provided them with the police report filed with the Kansas City Police Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

153.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

154.  The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

155.  Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

156.  Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

157.  After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable

procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

158.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

159.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of a mixed file or identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

160.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

161.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

162.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

163.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

164.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable

procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

165. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

166. Plaintiff provided Experian with the information it needed to confirm that she was a victim of a mixed file or identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

167. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

168. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

169. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

170. Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

171. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

172.   Trans Union allowed for numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

173.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

174.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

175.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

176.   Trans Union violated its own policies and procedures by not deleting account(s) when Plaintiff provided them with the police report filed with the Kansas City Police Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

177.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

178.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

179.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

180.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

181.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

182.   Trans Union allowed for numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

183.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

184.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

185.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

186.   Trans Union violated its own policies and procedures by not deleting account(s) when Plaintiff provided them with the police report filed with the Kansas City Police Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

187.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

188.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

189.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

190.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

191.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable

procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

192.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

193.    Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of a mixed file or identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

194.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

195.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

196.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XIV
**Violation of 15 U.S.C. § 1681i as to
Defendant, Trans Union LLC (Willful)**

197.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

198.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit

file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

199.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

200.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of a mixed file or identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

201.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

202.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

203.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Austin Capital Bank SSB (Negligent)

204.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

205.   Austin Capital furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

206.   After receiving Plaintiff's disputes, Austin Capital violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and

lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

207.   Plaintiff provided all the relevant information and documents necessary for Austin Capital to have identified that the account was erroneous.

208.   Austin Capital did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Austin Capital by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

209.   Austin Capital violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

210.   As a direct result of this conduct, action, and/or inaction of Austin Capital, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and

emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

211.   The conduct, action, and inaction of Austin Capital was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

212.   Plaintiff is entitled to recover costs and attorney's fees from Austin Capital in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual damages against Defendant, AUSTIN CAPITAL BANK SSB; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XVI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Austin Capital Bank SSB (Willful)

213.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

214.   Austin Capital furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

215.   After receiving Plaintiff's disputes, Austin Capital violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

216.   Plaintiff provided all the relevant information and documents necessary for Austin Capital to have identified that the account was erroneous.

217.   Austin Capital did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Austin Capital by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

218.   Austin Capital violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

219.   As a direct result of this conduct, action, and/or inaction of Austin Capital, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

220.   The conduct, action, and inaction of Austin Capital was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

221.   Plaintiff is entitled to recover costs and attorney's fees from Austin Capital in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, AUSTIN CAPITAL BANK SSB; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Caine & Weiner Company, Inc. (Negligent)

222.  Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

223.  Caine & Weiner furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

224.  After receiving Plaintiff's disputes, Caine & Weiner violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

225.  Plaintiff provided all the relevant information and documents necessary for Caine & Weiner to have identified that the account was erroneous.

226.  Caine & Weiner did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Caine & Weiner by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow

procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

227.   Caine & Weiner violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

228.   As a direct result of this conduct, action, and/or inaction of Caine & Weiner, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

229.   The conduct, action, and inaction of Caine & Weiner was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

230.   Plaintiff is entitled to recover costs and attorney's fees from Caine & Weiner in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual damages against Defendant, CAINE & WEINER COMPANY,

INC.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XVIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Caine & Weiner Company, Inc. (Willful)

231.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

232.   Caine & Weiner furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

233.   After receiving Plaintiff's disputes, Caine & Weiner violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

234.   Plaintiff provided all the relevant information and documents necessary for Caine & Weiner to have identified that the account was erroneous.

235.   Caine & Weiner did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Caine & Weiner by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

236.   Caine & Weiner violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

237.   As a direct result of this conduct, action, and/or inaction of Caine & Weiner, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

238.   The conduct, action, and inaction of Caine & Weiner was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

239.   Plaintiff is entitled to recover costs and attorney's fees from Caine & Weiner in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CAINE & WEINER COMPANY, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIX
**Violation of 15 U.S.C. § 1681 s-2(b) as to
Defendant, Prestige Financial Services, Inc. (Negligent)**

240.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

241.   Prestige furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

242.   After receiving Plaintiff's disputes, Prestige violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the

erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

243.   Plaintiff provided all the relevant information and documents necessary for Prestige to have identified that the account was erroneous.

244.   Prestige did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Prestige by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

245.   Prestige violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

246.   As a direct result of this conduct, action, and/or inaction of Prestige, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

247.   The conduct, action, and inaction of Prestige was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

248.   Plaintiff is entitled to recover costs and attorney's fees from Prestige in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual damages against Defendant, PRESTIGE FINANCIAL SERVICES, INC.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XX
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Prestige Financial Services, Inc. (Willful)**

249.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

250.   Prestige furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

251.   After receiving Plaintiff's disputes, Prestige violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

252.   Plaintiff provided all the relevant information and documents necessary for Prestige to have identified that the account was erroneous.

253.   Prestige did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Prestige by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with

which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

254.   Prestige violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

255.   As a direct result of this conduct, action, and/or inaction of Prestige, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

256.   The conduct, action, and inaction of Prestige was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

257.   Plaintiff is entitled to recover costs and attorney's fees from Prestige in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, PRESTIGE FINANCIAL SERVICES, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XXI**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, SouthState Bank, N.A.**
**f/k/a Atlantic Capital Bank (Negligent)**

258.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

259.   SouthState furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

260.   After receiving Plaintiff's disputes, SouthState violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

261.   Plaintiff provided all the relevant information and documents necessary for SouthState to have identified that the account was erroneous.

262.   SouthState did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to SouthState by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

263.   SouthState violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

264.   As a direct result of this conduct, action, and/or inaction of SouthState, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

265.   The conduct, action, and inaction of SouthState was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

266.   Plaintiff is entitled to recover costs and attorney's fees from SouthState in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual damages against Defendant, SOUTHSTATE BANK, N.A. f/k/a ATLANTIC CAPITAL BANK; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XXII
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, SouthState Bank, N.A. f/k/a Atlantic Capital Bank (Willful)

267.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

268.   SouthState furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

269.   After receiving Plaintiff's disputes, SouthState violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

270.   Plaintiff provided all the relevant information and documents necessary for SouthState to have identified that the account was erroneous.

271.   SouthState did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to SouthState by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

272.   SouthState violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

273.   As a direct result of this conduct, action, and/or inaction of SouthState, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

274.   The conduct, action, and inaction of SouthState was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

275.   Plaintiff is entitled to recover costs and attorney's fees from SouthState in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, SOUTHSTATE BANK, N.A. f/k/a ATLANTIC CAPITAL BANK; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XXIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, U.S. Department of Education (Negligent)

276.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

277.   USDOE furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

278.   After receiving Plaintiff's disputes, USDOE violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the

erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

279.   Plaintiff provided all the relevant information and documents necessary for USDOE to have identified that the account was erroneous.

280.   USDOE did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to USDOE by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

281.   USDOE violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

282.   As a direct result of this conduct, action, and/or inaction of USDOE, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

283.   The conduct, action, and inaction of USDOE was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

284.   Plaintiff is entitled to recover costs and attorney's fees from USDOE in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual damages against Defendant, U.S. DEPARTMENT OF EDUCATION; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XXIV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, U.S. Department of Education (Willful)

285.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-seven (87) above as if fully stated herein.

286.   USDOE furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

287.   After receiving Plaintiff's disputes, USDOE violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

288.   Plaintiff provided all the relevant information and documents necessary for USDOE to have identified that the account was erroneous.

289.   USDOE did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to USDOE by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with

which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

290.   USDOE violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

291.   As a direct result of this conduct, action, and/or inaction of USDOE, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

292.   The conduct, action, and inaction of USDOE was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

293.   Plaintiff is entitled to recover costs and attorney's fees from USDOE in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, U.S. DEPARTMENT OF EDUCATION; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SHETARA D SIMS, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; AUSTIN CAPITAL BANK SSB; CAINE & WEINER COMPANY, INC.; PRESTIGE FINANCIAL SERVICES, INC.; SOUTHSTATE BANK, N.A. f/k/a ATLANTIC CAPITAL BANK; and U.S. DEPARTMENT OF EDUCATION, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 20th day of September 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963

Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*